**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CAROL P. KELLY,**                                                        **PLAINTIFF**

**V.**                     **CASE NO. 4:09CV00299**

**REGIS CORPORATION d/b/a SMART
STYLE HAIR SALON, et al.,**                                     **DEFENDANT**

**AGREED PROTECTIVE ORDER**

In the course of discovery and other disclosures required under the Federal Rules of Civil Procedure, plaintiff Carol P. Kelley (hereinafter "plaintiff"), and defendant Regis Corporation (hereinafter "defendant"), may produce documents, data, discovery responses and other material that are confidential, proprietary, privileged, and/or are otherwise to be protected from public dissemination, including, but not limited to, personnel and pay information regarding plaintiff and/or current or former employees of defendant, confidential financial information, and confidential and proprietary documents of dfendant. To ensure that such material is kept and remains confidential and not used for any purpose other than discovery and trial preparation in this case, the parties stipulate to the following:

      1.     This order shall be applicable to and govern the handling of all disclosures, documents, answers to interrogatories, responses and requests for admission, testimony and other information, including all copies and excerpts thereof produced, given or filed during discovery and other proceedings in this action.

           (a)     In designating information as "Confidential," a party to this action, and any non-party from whom discovery is sought in connection with this action, shall make such a designation only as to materials that the party or non-party in good faith believes constitute confidential information, such as any documents, testimony or other discovery material which constitutes or contains the following:

(1) personnel information and records regarding persons who are not parties to this action which fall under the following categories: personnel files, compensation and benefits information, disciplinary records, complaints regarding inappropriate conduct, investigations regarding complaints of inappropriate conduct, and evaluation records, and (2) other proprietary and financial records and information of Defendant (including, but not limited to, sales and/or revenue information, customer information, media information, pricing, costs, company policies or procedures, acquisition and transactional contracts or any information regarding the personnel of the Company received in confidence), because Defendant regards this information as confidential and proprietary and its disclosure outside of this litigation would be an unwarranted interference with the privacy of individuals who are not parties to this action, cause such non-parties annoyance and embarrassment, and reveal confidential information of Defendant.

(b) "Confidential" material, as used in this Order, shall refer to any such designated document, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such material. No designation shall be made unless the designating party or non-party believes in good faith that the designated material is entitled to such protection.

2. Discovery material designated "Confidential" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

    (a) the district court and its officers;

    (b) appellate courts, if applicable, and their officers;

    (c) the parties;

    (d) counsel of record, including other members and/or associates of the law firm;

    (e) employees of counsel of record; and

    (f) persons retained by counsel of record to furnish expert services, advice,

or testimony in this action.

Confidential materials disclosed to any such person shall not be disclosed by him or her to any other person not included within subparagraphs (a) – (f) of this Paragraph 2.

3. Confidential material may be disclosed to a witness at his or her deposition if the deponent is not otherwise bound by paragraph 2 of this oder only if the deponent and, if represented by counsel, his or her counsel, are informed prior to the disclosure of the Confidential material of the terms of this order and that material designated as "Confidential" pursuant to this order is about to be disclosed and if the deponent agrees to comply with the terms of this order. In such event, only the reporter, the deponent, his or her counsel, the parties and their respective counsel and persons bound by paragraph 2 of the order may be present during the disclosure or discussion of the Confidential material.

4. The transcript and exhibits of a deposition may be designated as "Confidential" and subject to the terms and restrictions of this order.

5. Discovery material produced without the designation of "Confidential" may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error, provided correction occurs within twenty (20) days of discovery of the inadvertence or error. If discovery material is designated as "Confidential" subsequent to production, the receiving party must promptly make all reasonable and good faith efforts to collect any copies that have been provided to individuals other than those identified in paragraph 2 of this order.

6. Nothing herein shall prohibit either party from seeking an order that designated discovery material is not entitled to "Confidential" treatment or that otherwise affects the treatment of discovery material.

7. Other than as provided in paragraph 5 above, no designation of confidential

shall be effective unless there is placed or affixed on such material a "Confidential" marking.

8. All discovery material designated as "Confidential" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant. The parties will notify each other of receipt of such orders, subpoenas, or warrants within three (3) business days of receipt of same.

9. At the final conclusion of this case (including exhaustion of appeals) all discovery materials designated as "Confidential" produced pursuant to discovery, and all copies thereof, shall be returned to the producing party or, at the option of the producing party, opposing counsel shall certify in writing that such material has been destroyed.

10. If counsel for a party desires to file in the public record in this action any "Confidential" material, that counsel must file such materials under seal.

11. This order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of this Court.

IT IS SO ORDERED this 14th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted this 13th day of May, 2010:

/s/ Patricia Nation
Patricia Nation, Esq. (AR Bar No. 94078)
Nation Law Firm, PLLC
5507 Ranch Drive, Suite 207
Little Rock, Arkansas 72223

Attorney for Plaintiff

/s/ O. John Norris, III
James R. Mulroy, II ( TN Bar No. 000098)
O. John Norris, III (TN Bar No. 017504)
JACKSON LEWIS LLP
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile:  (901) 462-2626
Email: mulroyj@jacksonlewis.com
         norrisj@jacksonlewis.com

Attorneys for Defendant